BOWEN & LAIRD, PLAINTIFFS IN ERROR, v. SCHOOL DISTRICT No. 3, PHELPS COUNTY, DEFENDANT IN ERROR.

1.  Practice in County Courts: SUMMONS. There was no authority for a county court, under the provisions of section 23 of the " act concerning the organization, powers, and jurisdiction of probate courts," approved March 3, 1873, prior to 1877, to issue summons to another county ; and service of summons outside of its own county could confer no jurisdiction on the court.

2.  School District Treasurer. It is the duty of the treasurer of a school district to appear for and on behalf of his district, in all suits brought by and against the same, unless other di-

rections are given by the qualified voters of the district at a district meeting, except his interests are adverse to the district, in which case the director, in the absence of other directions, shall appear. When the action is not brought by the treasurer, the petition should state the cause.

3. **Pleading:** PETITION. Where an action is brought for the purchase price of property sold, it should appear from the petition that the debt is due. Where the action is founded upon a promise or duty, the petition must allege the non-performance of such promise or duty, or it will not state a cause of action.

ERROR to the district court of Buffalo county. Tried below before GASLIN, J.

*Bowen & Laird,* pro se, cited *Hunter v. Commissioners,* 2 W. L. M., 474. *Albertson v. The State,* 9 Neb., 430. Pomeroy's Remedies & Remedial Rights, 542. 2 Nash Plead. & Practice, 384. Chitty's Pleadings, 300–301. *Allen v. Patterson,* 7 N. Y., 476. *Foster v. Kirkpatrick,* 2 Minn., 210. *Bowen v. Emmerson,* 3 Oregon, 452. Gen. Stat., pp. 544, Sec. 129.

*Hamer & Conner* and *Harwood & Ames,* for defendant in error.

MAXWELL, CH. J.

In March, 1876, School district No. 3 of Phelps county commenced an action against the plaintiffs in error in the county court of Buffalo county by filing the following petition, and causing a summons to issue thereon.

"*School District No. 3, of Phelps County, Nebraska, Plaintiff, v. A. H. Bowen and James Laird, Defendants.*

"On this 28th day of March, 1876, plaintiff, by Henry N. Hoagland, the director of said school district, filed their bill of particulars, duly verified as follows:

School district No. 3 of Phelps county, Nebraska, plaintiff, complains of A. H. Bowen and James Laird, defendants, for that the said defendants are indebted to said plaintiffs in the sum of one hundred and two dollars and ten cents, together with interest thereon from the first day of September, A.D. 1874, for and on account of school district bonds numbered one, two, and three, of said school district No. 3, heretofore sold and delivered to said defendants at their special instance and request, which sum remains wholly unpaid. Wherefore plaintiff asks judgment, etc."

The summons was returned as having been served upon Laird, the return stating that Bowen was not found in Buffalo county. An alias summons was thereupon issued to the sheriff of Adams county, and returned served upon Bowen in that county. It appears from the record that on the 1st of May, 1876, " by request of defendants, plaintiff's attorneys agreeing thereto, this cause is set for trial on the 25th day of May, 1876." At the time agreed upon for the trial, the record shows the following entry: " May 25th, 1876, by request of defendants, and plaintiff's counsel consenting thereto, this cause is adjourned to the 8th day of June, 1876, at 10 o'clock A.M.", At the time to which the cause was adjourned the plaintiffs in error failed to appear, and judgment was rendered against them for the sum of $119.96. The case was taken on error to the district court, where the judgment of the court below was affirmed. The case is brought into this court by petition in error.

The first error assigned is that the county court had no authority to issue an alias summons to Adams county for service upon Bowen therein.

Section 23 of the " act concerning the organization, powers, and jurisdiction of probate courts," approved March 3, 1873 [Gen. Stat., 263], provides that " all

writs and other process, except subpœnas, may be executed and served, as the case may require, in any county of the state; and if it be a county other than that of the residence of the probate judge, the same shall be directed to the sheriff of such other county." Section 25 provides that the provisions of sections 22, 23, and 24, shall not apply to civil and criminal actions prosecuted before the probate courts; thus restricting the provisions of section 23 to business in the probate courts other than civil or criminal actions. There was no authority therefore to issue a summons to Adams county, nor to serve the same upon Bowen therein, and without an appearance the court would have obtained no jurisdiction over him. The appearance of the defendants, however, waives that defect. Section 25 has since been repealed [Laws of 1877, page 16].

The second assignment of error is in substance that the court erred in holding that Hoagland, the director of the district, could prosecute the action.

· Section 42 of the act to establish a system of public instruction for the state of Nebraska, approved Feb. 15, 1869, provides that "it shall be the duty of the treasurer to appear for and on behalf of the district, in all suits brought by or against the same, whenever no other directions shall be given by the qualified voters in the district meeting, except in suits in which he is interested adversely to the district; and in all such cases the director shall appear for such district, if no other direction shall be given, as aforesaid." [Gen. Stat., 968.] The director has authority in certain contingencies to bring the action, and after judgment such authority will be presumed.

In *Albertson v. The State*, 9 Neb., 429, it was held that an action upon the official bond of a county treasurer must be brought by the county clerk upon the direc-

tion of the county commissioners or the state auditor, and that the petition should allege that it was so brought. The auditor being the accountant of the state, and the clerk, of the county, could show whether in fact a deficiency existed in the funds of the county treasurer, and it is presumed would bring no such action, unless such deficiency existed.

In that case the *State*, in its own name, brought an action on an official bond given to the *County*, and it was held that the action could not be maintained. But there is no analogy between that case and the one at bar. In this case the action is brought in the name of the school district, not upon an official bond, but for the value of choses in action belonging to the district, and, so far as appears, the action was properly brought.

It is claimed that the petition does not state facts sufficient to constitute a cause of action. Section 129 of that code provides that "in an action, counter claim, or set-off, founded upon an account, promissory note, bill of exchange, or other instrument, for the unconditional payment of money only, it shall be sufficient for the party to give a copy of the account or instrument with all credits and endorsements thereon, and to state there is *due him* on such account or instrument, from the adverse party, a specified sum, which he claims with interest, etc." [Gen. Stat., 544.] In the case at bar there is nothing in the petition to indicate the price of the bonds in question, nor their value, nor a promise to pay for the same, nor is it alleged that the sum stated, or any sum, is due. All the facts stated in the petition may be true, and still no cause of action exist. Where the action is founded upon a promise or duty, the petition must allege the non-performance of such promise or duty, or it will state no cause of action.

The other errors urged on the hearing are not assigned in the petition in error, and are therefore waived. For the sole reason that the petition fails to state a cause of action, the judgment of the district court is reversed and the cause remanded to the district court for further proceedings, with leave to plaintiff in the court below to amend its petition.

REVERSED AND REMANDED.