WILLIAM C. GHOST, PLAINTIFF IN ERROR, V. ABEL HILL, DEFENDANT IN ERROR.

1. **County Court:** JURISDICTION: AMERCEMENT OF OFFICER. A county court has authority to amerce an officer for failing to return an execution issued by said court and delivered to him.

2. ———: PRACTICE. The proper mode of reviewing an order of amercement is by petition in error.

ERROR to the district court for Dodge county. Tried below before POST, J.

*William C. Ghost, pro se.*

*E. R. Dean,* for defendant in error.

MAXWELL, CH. J.

This proceeding was instituted in the county court of Dodge county, to amerce the defendant, who is sheriff of Butler county, for failing to return an execution issued out of said court, which it is alleged was delivered to him. The county court made an order amercing the defendant in the sum of $96.75. The district court dismissed the proceedings because the county court had no jurisdiction. The case is brought in this court on error.

The only question to be determined is the jurisdiction of the county court.

Section 513 of the code provides that: "If any sheriff or other officer shall refuse or neglect to execute any writ of execution to him directed, which has come to his hands; or shall neglect or refuse to sell any goods and chattels, lands and tenements, or shall neglect to call an inquest and return a copy thereof forthwith to the clerk's office, or shall neglect to return any writ of execution to the proper court before the return day thereof, * * * * * * such sheriff or other officer shall, on motion in court, and two days notice thereof in writing, be amerced in the amount of said debt, damages, and costs, with ten per centum thereon, to and for the use of said plaintiff or defendant, as the case may be."

These provisions, if applicable to county courts, confer jurisdiction in cases of amercement. The procedure in county courts, where there are no special provisions to the contrary, is governed by the provisions of the code relative to justices of the peace. Gen. Stat., 263–4. Justices of the peace seem to have no power to amerce an officer, as the provisions of section 1084 provide that an action may be maintained, and the amount of the injury, with twenty per cent penalty thereon, may be recovered. But section 24 of "An act concerning the organization, powers and jurisdiction of probate courts," approved March 3, 1873, (Gen. Stats., 268), provides that "it shall be the duty of the sheriffs of the several counties to execute or serve all writs and process issued by any probate court and to them directed, and to return the same; for any neglect or refusal so to do they may be proceeded against in the probate court the same as for a neglect or refusal to execute or serve process issued out of the district court." Section 25, restricting the service of process to probate

proceedings, was repealed in 1877. Laws of 1877, page 16. *Bowen v. School district*, 10 Neb., 265. This being the case, the county court of Dodge county had au- thority to entertain proceedings to amerce the sheriff of Butler county for failing to return an execution issued out of said court and delivered to him.

The judgment of the district court dismissing the action therefor, is reversed, and the case is reinstated in the district court. No appeal is allowed in such cases; the proper mode of review is by petition in error, the procedure being the same as in the district court. But there is not sufficient in the record to en- able us to determine whether the case was taken to the district court by appeal or on error.

REVERSED AND REMANDED.