JOHN FISHER V. STEPHEN FRANKLIN.

1. SHERIFF—*Amercement—Action, Where.*  Where a judgment is rendered in one county and an execution is issued to the sheriff of another county, and such sheriff fails to return the execution as required by law, proceedings to amerce said sheriff are properly begun in the court out of which the execution issued.

2. OFFICER, *Not Liable to Amercement.*  Where the recitals in an execution show that the judgment upon which it purports to have been issued is for an amount substantially greater than the actual judgment rendered in the case, *held,* that the officer to whom said execution is issued is not liable to amercement for neglecting to return said execution on or before its return-day.

*Error from Shawnee District Court.*

PROCEEDING to amerce the plaintiff in error, as sheriff of Sedgwick county.  The facts are as follows: On June 5, 1884, *Stephen Franklin* recovered a judgment in the district court of Shawnee county against the Topeka Transportation and Omnibus Company, a corporation, for $1,000.  On the 15th day of September the plaintiff in said action caused an execution to issue on said judgment, directed to the sheriff of Sedgwick county.  On the 16th day of December the execution was returned by the sheriff, which return recited that he could find no property in his county belonging to the judgment debtor.  In March, 1886, plaintiff filed his motion in the district court of Shawnee county to amerce the sheriff for his failure to return the execution within sixty days.  At this hearing the sheriff was permitted to amend his return to show that he in person never received the execution until the 16th day of December; but the evidence in addition thereto showed (and it was not disputed) that the execution was received by the under-sheriff about the 16th day of September, and by him sought to be served, with the result as stated in the return.  And it was also shown that during November the sheriff was absent from the state, and was so absent at the time the return ought to have been made.  Upon the hearing

in the district court, at the April Term, 1886, the motion was sustained, and judgment rendered against the sheriff for the amount of $1,000, together with $22.65 costs, and $5 additional costs, with 10 per cent. as statutory penalty added thereto. To review this judgment the defendant brings the case here.

*J. D. McFarland,* for plaintiff in error.

*W. A. S. Bird,* and *G. B. Andrews,* for defendant in error.

Opinion by CLOGSTON, C.: Where a proceeding is brought to amerce a sheriff for failure to return an execution to the court where the judgment upon which the execution was issued was rendered, such court has jurisdiction and may compel a return to its orders and executions, and punish by amercement for disobedience. (*Fay v. Edmiston,* 28 Kas. 105; *Ghost v. Hill,* 11 Neb. 472; *McNee v. Sewell,* 14 id. 532.)

The only remaining question is, was there such a variance between the execution and the judgment upon which it was issued as will excuse the sheriff, or save him from amercement? The execution recited that a judgment was rendered against said transportation company for $1,000, and $22.65 costs, and $5 additional costs since the rendition of said judgment; and to support this execution plaintiff offered in evidence the judgment upon which it was issued, which judgment is as follows:

"It is therefore considered, ordered and adjudged by the court, that said plaintiff do have and recover of and from said defendant the sum of $1,000, so found due as aforesaid by the verdict of a jury in this case, together with costs of suit, taxed at $——."

To the introduction of this judgment the defendant objected, for the reason that there was a variance between the judgment and the recitals in the execution; which objection was overruled, and defendant excepted. If this variance will not excuse the sheriff for not having returned the execution within sixty days, as required by law, then the judgment of the court must be affirmed; for the law gives no discretion to

the court, and the defendant has shown no other reason why the execution was not returned that would excuse him. The statute under which this motion was made is of a penal character, and like all other penal proceedings, strict compliance with the requirements of law must be observed in its enforcement; and when a person desires to avail himself of this proceeding he cannot complain if he is required to strictly conform to the letter of the law, for when it is enforced it works in many instances great hardship to the officer who, while being negligent in doing some duty required of him, yet out of that negligence no injury has resulted to others; and while as before stated, the court has no discretion in enforcing such proceedings, yet it ought to carefully guard against allowing amercements except in cases where the proceedings have been regularly and strictly followed. In this case the record further shows that the plaintiff suffered no loss by reason of the failure to return the execution, as it was clearly shown at the rendition of the judgment that the judgment debtor was insolvent.

In *Duncan v. Drakely*, 10 Ohio, 46, the court said:

"In proceedings under the statute authorizing the amercement on an officer, great strictness is required, and he who would avail himself of the remedy therein provided must bring himself both within the letter and spirit of the law. It is right that it should be so, because the remedy is summary, and in its consequences highly penal. There is no trial by jury, and little if any discretion left to the court."

So also in *Moore v. McClief*, 16 Ohio St. 50, the court said:

"The plaintiff's right to demand a judgment of amercement in this case can rest on no equitable ground, for the neglect of the official duty of which she complains has done her no injury. The execution debtor was wholly insolvent when the judgment was recovered against him, and has continued to be so ever since. Her rights then are purely statutory; and if she makes a clear case for amercement under the statute, it is no defense against her claim that she has not been damnified. The statute under which she proceeded was of a penal character; it affords a summary remedy, without trial by jury, for official delinquency; and without regard to the amount of damages resulting in fact from such delinquency, it leaves no

discretion to the court as to the amount of judgment to be rendered against the delinquent officer." (See also *Bond v. Weber*, 17 Kas. 410.)

Applying these rules to this case, we find that if the sheriff is to be amerced it must be for the amount named in the execution, which included $22.65 more than that set out in the judgment. Plaintiff insists that he has done all that was necessary for him to do; that the law enjoined and made it a part of the duty of the clerk of the court to tax the costs and insert them in the judgment. Section 593a of the code of civil procedure is as follows:

"The several clerks of the district courts shall tax the costs in each case, and insert the same in their respective judgments, subject to retaxation by the court, on motion of any person interested."

This statute clearly makes it the duty of the clerk of the court to tax the costs, and when so taxed to insert them in the judgment; and this ought to have been done before the execution issued. No presumption can be entertained in this case. The plaintiff must bring himself clearly within the rules as heretofore suggested. It was his right to have the costs included, and if he desired to enforce a penalty he ought to have seen that the execution was properly issued for the amount named in the judgment. He could have had the judgment corrected and the costs inserted, and then his execution would have been properly issued on the judgment; and because the clerk failed to do his duty will not excuse the plaintiff from proceeding to have the costs taxed. The clerk, like the sheriff, failed to do what the law made it his duty to do, but this failure of the clerk will not authorize the plaintiff to amerce the sheriff, and will not warrant the court to presume that the costs were properly taxed. If that were true, then a sheriff might be amerced upon an execution issued where no judgment had been rendered, simply because the sheriff refused to return the execution. The law would make it his duty to return the execution in that case, although no judgment had been rendered, as it would if issued upon a

proper judgment.  But where a plaintiff is seeking to amerce a sheriff he must show a valid judgment, and the execution must conform strictly to that judgment.  If property had been found subject to seizure on this execution and the sheriff had levied thereon and collected the judgment, he would have collected $22.65 more than any judgment had been rendered for.  This execution with this excess therein was sufficient to excuse the sheriff for not sooner returning the execution.

We are therefore of the opinion that the judgment of the court below was wrong, and we recommend that the cause be reversed, and remanded to the court below with an order to render judgment for the defendant below for costs.

By the Court: It is so ordered.

All the Justices concurring.