FRANK REYNOLDS v. CHARLES NELSON, *as Sheriff of Barber County.*

40   41
42   560
40   41
54   603

SHERIFF—*Amercement, Where.*    Where a judgment is rendered in one county and an execution is issued thereon to the sheriff of another county, and such sheriff fails to return the execution as required by law, proceedings to amerce such sheriff can be maintained only in the court out of which the execution was issued.

*Error from Barber District Court.*

PROCEEDING commenced by *Frank Reynolds* to amerce *Charles D. Nelson,* as sheriff of Barber county.    Hearing by the court, at the October term, 1886, and judgment for the defendant.    Plaintiff brings the case here for review.    On the 20th day of August, 1886, the clerk of the district court of Hamilton county, Kansas, issued an execution of that date directed to the sheriff of Barber county, which execution was received by Charles D. Nelson, as sheriff thereof, on the 28th day of August, 1886.    This execution was retained by the sheriff, and on the 22d day of October, 1886, plaintiff in error filed his motion in the district court of Barber county to amerce the defendant as sheriff of said county of Barber,

for his failure to return the execution to the district court of Hamilton county within sixty days from the date of its issue. It was agreed in the court below that the sheriff had not made his return within sixty days, and no return was made up to the hearing of this motion. The defendant for an answer alleged that at no time after the issuing of said execution did the judgment debtor have property upon which said execution could have been levied.

*W. S. Denton,* and *A. J. Jones,* for plaintiff in error.

*Sample & Long,* for defendant in error.

Opinion by CLOGSTON, C.: But one question is presented in this record which we shall notice: Did the district court of Barber county have jurisdiction to hear and determine the motion to amerce the sheriff of Barber county for failure to return the execution issued out of the district court of Hamilton county? This court held in *Fisher v. Franklin,* 38 Kas. 251, that the district court of Shawnee county, out of which an execution issued to the sheriff of Sedgwick county, had jurisdiction to hear and determine the motion to amerce the sheriff of Sedgwick county for his failure to return the execution within sixty days. We think that is decisive of this case.

The jurisdiction is vested in some court, and we think properly vested in the court out of which the execution issued. This proceeding is in the nature of a penalty, an amercement for failure to return the process of the court out of which it issued, and that court alone, we think, ought to have the exclusive jurisdiction to determine that question. If it was an action against the sheriff for damages for failure to return an execution or other process issued by the court, in that case we think the jurisdiction would be in the county where the sheriff resides, and not in the county to which the process was to be returned; but in an action of this character, in the nature of a penalty, and upon motion, it should be made in the county where the execution issued. Each court ought to have

the control of its own process, and ought to have the right to punish for contempt for failure to perform its demands or the refusal or neglect to return its process in time. If this authority be denied to the court, then it would have no power to protect itself against such neglect and misconduct. (See *Cox, Sheriff, v. Ross, Adm'r*, 56 Miss. 481; *Tapp v. Bonds*, 57 id. 281; Murfree on Sheriffs, § 1055; *Fay v. Edmiston*, 28 Kas. 105.)

We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.