Fuller v. Wells.

S. H. FULLER v. WELLS, FARGO & COMPANY.

1. SHERIFF —*Amercement—Action, Barred.* A proceeding to amerce a sheriff under § 472 of the civil code for a penalty on account of the omission of official duty, is barred by failure to prosecute within one year. (Civil Code, § 18, subdiv. 4.)

2. EXECUTION, *Must Conform to Judgment.* Where a plaintiff is seeking to amerce a sheriff for his neglect or failure in returning an execution, the execution to sustain such a proceeding must conform strictly to the judgment rendered. (*Fisher v. Franklin*, 38 Kas. 251.)

*Error from Sumner District Court.*

In December, 1885, *Wells, Fargo & Company* obtained a judgment against the Merchants' and Drovers' Bank of Caldwell, and also J. S. Danford and W. D. C. Smith. The judgment against the bank was taken for $9,120, and costs taxed at $96.50, on the 6th day of December, and the judgment against Danford and Smith was taken on the 28th of December, for the same amount. There was certain personal and real property attached in the action, situated in Osage county, in this state, and an order was made at the rendition of the judgments, that if they were not paid in ten days, the attached property should be sold and the proceeds of the sale applied thereon. On the 22d day of April, 1886, the order of sale and special execution was issued, directed to the sheriff of Osage county, S. H. Fuller. Said Fuller, as sheriff, received the writ by due course of mail on the 24th day of April, 1886, and, as he contends, returned the same by depositing the execution in the mail, properly directed and stamped, on the 22d day of June, 1886, with the following return thereon:

"Received this order of sale on this 24th day of April, six o'clock P. M., and on this 22d day of June, 1886, return said order of sale for want of money to pay for printing said order, which has been demanded and refused. S. H. FULLER, *Sheriff, Osage County, Kas.*"

On or about the 15th day of May, 1886, S. H. Fuller, as

sheriff, wrote the following letter to the attorneys of Wells, Fargo & Company:

"OFFICE OF S. H. FULLER, SHERIFF OF OSAGE COUNTY, KANSAS.—*Messrs. George, King & Caldwell, Wellington*— DEAR SIRS: Yours of the 14th inst. at hand, and contents noted. I must say that your letter is not very satisfactory to me, as I infer from the reading that you think the property is advertised, which is a mistake. Neither do I propose to advertise this property unless you put me up a bond of indemnity or sufficient money to pay printing and other costs. I hope you will understand that I cannot find any of the personal property. Neither can I learn of its whereabouts. Please answer. Very respectfully yours,.
S. H. FULLER, *Sheriff.*"

W. E. Cox, deputy sheriff of Sumner county, testified that the execution was returned the 28th of July, 1886; the distance between Lyndon, where the sheriff of Osage county resides, and Wellington, the county seat of Sumner county, whence the execution was issued, is 167 miles; there is a railroad between the places, and by ordinary course of mail it would not take more than two or three days for a mail to go from Lyndon to Wellington. On July 23, 1887, Wells, Fargo & Company filed a motion in the district court of Sumner county, to amerce S. H. Fuller as sheriff of Osage county, in the sum of $11,039, with ten per cent. thereon for failing, neglecting and refusing to execute the special writ of execution issued the 22d day of April, 1886, and which he received on the 24th day of April, 1886, at 6 o'clock P. M., and for withholding said special execution in his hands without any service until on or about the 28th day of July, 1886, and for his failing, refusing and neglecting to return said special writ of execution to clerk of the district court of Sumner county until said 28th day of July, 1886. The hearing was had upon the motion to amerce, upon the 6th of September, 1887, before Isaac G. Reed, Esq., judge *pro tem.* Wells, Fargo & Company appeared by their attorneys, L. B. & S. E. Wheat, George & King, and Hayden & Hayden.

S. H. Fuller, sheriff of Osage county, appeared by his at-

torneys, Thomson & Heizer.   Upon the hearing, S. H. Fuller, as sheriff, objected to the introduction of any testimony in support of the motion, for the following reasons:

" 1.  It appears from the 'pretended notice and said motion that an action on the pretended claim mentioned therein is barred by the statute of limitation, and that more than one year had passed after the pretended or any cause of action had accrued in favor of the plaintiff, against said Fuller, and before the service of any notice upon said Fuller, or the making of any motion to amerce him.

" 2.  There are not facts sufficient set forth in said pretended notice and motion to entitle the plaintiff to any relief.

" 3.  The pretended execution set forth in said pretended notice and motion is also absolutely void.

" 4.  It appears that no judgment was ever rendered by said court as is recited in said copy of said execution set forth in said pretended notice and motion.

" 5.  No notice was ever served as is required by law upon the said S. H. Fuller, sheriff, etc., prior to the making of said motion.

·  " 6.  The court has no jurisdiction over the person of the said S. H. Fuller, nor of the subject-matter of said motion.

" 7.  No motion was made in court prior to the service or pretended service of any notice or any pretended notice thereof, nor is there any waiver of the same."

This was overruled.   Upon the hearing the following affidavit was read and submitted :

"STATE OF KANSAS, COUNTY OF OSAGE, *ss.*—S. H. Fuller, duly sworn, deposes and says that he is the sheriff of Osage county, and the party against whom the proceedings in amercement are instituted in the case of Wells, Fargo & Company, plaintiff, *v.* The Merchants' and Drovers' Bank, of Caldwell, Kansas, and J. S. Danford and W. D. C. Smith, defendants, in the district court of Sumner county, Kansas.

"Affiant saith that he received the special execution in said above-entitled action upon the 24th day of April, 1886, and at once notified the attorneys of the party for whose benefit the said execution was issued· the amount of the property mentioned in said special execution, and demanded of said attorneys the amount of said printer's fees aforesaid, and said attorneys failed and neglected and refused to furnish said amount of said fee to said sheriff; that said affiant, believing

and expecting that attorneys would furnish said affiant with said fee so demanded as aforesaid, and for no other reason or purpose, held said execution until the 22d day of June, 1886, when he returned the same, as shown by the original execution in the above action; and further affiant saith not.

S. H. FULLER.

"Subscribed and sworn to before me, this 5th day of September, 1887.

[Seal.]     T. L. MANHALL, *Notary Public.*
(Commission expires December 9, 1888.)"

After hearing the evidence, and argument of counsel, the court found for Wells, Fargo & Company, the plaintiffs, upon all the issues raised upon their motion to amerce S. H. Fuller, as sheriff of Osage county; to which ruling the defendant objected. Subsequently the court rendered a judgment amercing him in the sum of $11,057.45, together with ten per cent. thereon, making an aggregate sum of $12,728.62. Wells, Fargo & Company remitted all of said amount so found in their favor except the sum of $117.70.

S. H. Fuller excepted to the ruling, orders, and judgment, and brings the case here.

*Robert C. Heizer*, for plaintiff in error.

*L. B. & S. E. Wheat, George & King*, and *Hayden & Hayden*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: S. H. Fuller as sheriff of Osage county was amerced in the sum of $11,770, for neglecting and refusing to execute a special writ of execution issued to him by the clerk of the district court of Sumner county, on the 22d day of April, 1886, which was returned by him without service on the 28th day of July, of the same year. The proceeding to amerce was commenced July 25, 1887— more than a year after the time the sheriff should have returned the execution. Fuller claims that the order of amercement is erroneous and should be reversed, because the proceeding at its commencement was barred by the statute of limitations,

and also because the execution or indorsements thereon did not follow the judgment. It is contended that a proceeding to amerce is within the spirit, if not within the letter of subdivision 4, § 18 of the code, which provides that an action for penalty or forfeiture must be brought within one year. On the part of Wells, Fargo & Co., it is claimed that there is not any statutory limitation against a motion to amerce; that § 18 of the code applies to civil actions only, and that a motion to amerce is not a civil action, but a special proceeding.

Technically and strictly the language of § 18 does not embrace a proceeding to amerce, because it refers to civil actions exclusively, but its spirit and intent does apply to such a proceeding. An action is defined by § 4 of the code as an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. The proceeding to amerce is in the nature of an action to redress a wrong. The object of the proceeding is to give the judgment creditor satisfaction, or a penalty for the omission of the official duty of a sheriff. In saying that a motion to amerce is in the nature of an action to redress a wrong, we do not intimate that special findings are to be allowed on the hearing thereof. The motion is to be heard and disposed of as provided by the terms of the statute. (*Armstrong v. Grant,* 7 Kas. 296, 297.) If an ordinary action at law had been brought by Wells, Fargo & Co. against Fuller for damages for his omission of official duty, it is not and cannot be denied that the statute of limitations would apply. It is said in *Chick v. Willetts,* 2 Kas. 384, that—

"The statute of limitations of this state is wholly unlike the English statute, and differs materially from the limitation laws of those states, which have adhered to the common-law forms of action and modes of procedure. Those statutes apply, in terms, to the form of the action at law, and contain no provisions concerning an equitable proceeding. If a party had concurrent remedies, one at law, the other in equity, courts of equity applied the limitation prescribed for the action at

law. But in all other cases they were said to act merely in analogy to the statutes, but not in obedience to them. In this state the case is entirely different. The distinction between actions at law and suits in equity is abolished; and the statutes of limitation apply equally to both classes of cases. They are made to apply *to the subject-matter*, and not *to the form of the action*."

The statute of limitations is regarded in this state as a statute of repose; it is designed for peace and quiet. (*Sibert v. Wilder*, 16 Kas. 176.) Sheriffs would find little benefit in the statute of limitations which protected them from the consequences of an action after the running of the statute, but left them exposed to the more summary and severe remedy of a motion for the same cause.

In *Seymour v. Cooper*, 26 Kas. 539, the exemption statute was construed to apply to the personal services or earnings of a debtor in attachment or garnishment proceedings. The statutes do not anywhere in express terms create such an exemption, and yet an exemption was declared in such a case, because within the evident spirit and intent of the legislature.

Again, the statute of limitations in a narrow and a technical sense applies only to civil actions commenced by the filing of a petition, but the statute has always been extended to a plea of set-off, on the ground that the spirit and intent of the act embraces an outlawed claim which the party attempts to avail himself of by a set-off as much as the same claim, when the party attempts to enforce it by a direct action, and therefore a set-off is within the spirit and intent of the statute, but not within its letter.

We think the statute of limitations should apply in such a case as this, and that the courts have the power to withhold and should withhold the exercise of their jurisdiction in summary proceedings, whenever an action for penalty or forfeiture sought to be enforced is barred by the statute. (*Van Tassel v. Van Tassel*, 31 Conn. 521; *Merritt v. Parks*, 6 Humph. 332; *Butler v. Winters*, 2 Swan, 91; *Prewitt v. Hilliard*, 11 Humph. 425.) In this state all amercements are entered on the record

of the court, and have the same force and effect as a judgment. (Civil Code, § 477.)   In special proceedings, which are ancillary, like attachments, temporary injunctions, etc., no statute of limitations is necessary, because such proceedings are subservient to the principal case and cannot be prosecuted if the main action is barred.   Not so with a motion to amerce.   It is a proceeding, prosecuted for official misconduct, or omission.

Against this conclusion we are referred to *The State v. Crowell*, 1 W. L. Jour. 305.   That decision was rendered by the common pleas court of Sandusky, Ohio, in 1848, and is not very high authority.

The decision in *Chinn v. Trustees*, 32 Ohio St. 236; construing a proceeding by *mandamus* not a civil action, and therefore not within the statute of limitations of the code, is contrary to the decisions of this court, and therefore cannot be followed. (*Judd v. Driver*, 1 Kas. 455 ; *The State v. Marston*, 6 id. 524; *The State v. Jefferson Co.*, 11 id. 66.)

As the statute of limitations applies, the next question is, which section is applicable?   Counsel for Fuller claims that the limitation of one year controls.   The opposite counsel insist that three years, or five years, is the time.   Subdivision 4 of § 18 reads:

"Within one year: An action for libel, slander, assault, battery, malicious prosecution, or false imprisonment; an action upon a statute for a penalty or forfeiture, except where the statute imposing it prescribes a different limitation."

The statute in express terms provides that when a sheriff is amerced, the order or judgment must be entered against him for the debt, damages and costs, with ten per cent. thereon. (Civil Code, § 472.)   It is said in *Bond v. Weber*, 17 Kas. 410, that § 472 of the code, which provides for the amercement of sheriffs, "is summary and penal in its nature."

In *Fisher v. Franklin*, 38 Kas. 252, it is said:

"The statute under which this motion was made is of a penal character, and, like all other penal proceedings, strict compliance with the requirements of law must be observed in its

enforcement; and when a person desires to avail himself of this proceeding, he cannot complain if he is required to strictly conform to the letter of the law, for when it is enforced it works in many instances great hardship to the officer who, while being negligent in doing some duty required of him, yet out of that negligence no injury has resulted to others."

An action brought to recover damages for the failure of a mortgagee to satisfy a chattel mortgage is an action for a penalty, and barred within one year. (*Hall v. Hurd*, 40 Kas. 374; and also *Hall v. Hurd*, 40 id. 740; *Joyce v. Means*, 41 id. 234.) In our opinion, the motion to amerce comes within the 4th subdivision of said § 18 of the code, and the statute of limitations of one year controls; therefore this proceeding was commenced too late.

1. Sheriff— amercement— action, barred.

The objection to the form of the special execution need not be specially commented upon. It appears, however, that the execution had improperly indorsed thereon the words " without appraisement of lands." The judgment did not authorize the lands to be sold without appraisement. It is said in *Fisher v. Franklin*, supra, that where a "plaintiff is seeking to amerce a sheriff, he must show a valid judgment, and the execution must conform strictly to that judgment." If the indorsement upon the back of the special execution is considered a part of the execution, or in any way connected with it, the execution in this case did not conform strictly to the judgment.

2. Execution, must conform to judgment.

The order and judgment of the district court will be reversed, and the case remanded for further proceedings, in accordance with the views herein expressed.

VALENTINE, J., concurring.

JOHNSTON, J.: I think the judgment should be reversed; but I place my concurrence solely on the second proposition of the syllabus and the facts of the case which bring it within that rule. The remedy of amercement is of such a summary and severe character that a party who will avail himself of it

must strictly observe the requirements of the statute. The special execution and the judgment did not correspond. The judgment required a sale upon an appraisement duly made, while the execution indicated that the property was to be sold without appraisement. There was indorsed upon the execution the words, "without appraisement," and under the prevailing practice in regard to indorsing such writs I think the words may fairly be considered a part of the execution. The recitals in the body of the execution are not inconsistent with the indorsement, and when taken together the writ cannot be said to strictly conform with the judgment, and hence the remedy was not available to the defendant in error. (*Fisher v. Franklin*, 38 Kas. 251.) I am unable to agree with the proposition that the statute of limitations applies to this remedy, which I regard to be a special proceeding. In brief, my view is, that the legislature has in terms restricted the application of the statute to actions. (Civil Code, § 18.) It has divided remedies into two classes, viz., actions and special proceedings; and has clearly defined an action to be "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Every other remedy is a special proceeding. (Civil Code, §§ 3, 4, 5.) As indicating the legislative view of what an action is, it is provided that it shall be commenced by a petition filed in the district court, and a summons issued thereon, which must be served in a prescribed way, thus giving the adverse party ample time and opportunity to defend. (Civil Code, art. 6.) In amercement, the proceeding can be instituted by a mere motion, and heard and decided on two days' notice. If the motion is to amerce an officer of a county other than that from which the execution issues, fifteen days' notice must be given to him. (Civil Code, §§ 472, 477.) No issue is formed by pleadings, no special findings can be required, and the determination of the motion by the court is an order, and not a judgment. (*Armstrong v. Grant*, 7 Kas. 285.) All these things

mark it as a special proceeding, and distinguish it from an action, or ordinary proceeding.

The distinction is still further shown in the matter of where the two proceedings may be brought. The jurisdiction of an action against the sheriff for failure to properly execute process sent from another county, would be in the county where he resided, and not the one to which the process was to be returned; but a proceeding to amerce the sheriff can only be maintained in the county from which the execution was issued. (*Reynolds* v. *Nelson*, 40 Kas. 41.) The fact that it must be prosecuted in the county which renders the judgment, and whose process the officer has failed to execute, indicates to me that the proceeding is ancillary rather than independent, and special rather than ordinary. Instead of bringing a new and independent action, the motion is made in and as a part of the action in which the execution issued. The legislature having so clearly defined what an action is, and having with equal clearness defined the application of the statute of limitations to actions, I think it cannot be enlarged by construction to include a proceeding in amercement. In order to bring such proceedings within the operation of the statute of limitations, the legislature of New York deemed it necessary to specially extend the ordinary meaning of the word "action," and it enacted, in the fourth subdivision of § 414 of the code, that "the word 'action,' contained in this chapter, is to be construed, when it is necessary so to do, as including a special proceeding, or any proceeding therein, or in any action." It would seem to be good policy to extend the application of the statute to special proceedings against officers, but that is wholly with the legislature, and it seems to me that the legislature did not intend to include a proceeding like this, which it so carefully distinguished from an action.