A. F. EDWARDS, *as Sheriff, etc.*, v. THE FARMERS' &
MERCHANTS' STATE BANK.

**No. 13,108.**   ( 72 Pac. 534.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT — *Valid Judgment for Costs.*  A judgment for costs entered upon the journal, as follows: "Thereupon it is by the court ordered that the jury herein be discharged from a further consideration of this case; that the defendant do have and recover of and from the plaintiff judgment for costs herein, taxed at $——, to all of which judgment and ruling the plaintiff at the time duly excepted and excepts," is not a nullity because the amount of costs taxed, as computed by the clerk, is not inserted therein, but such judgment will support an execution issued, and the levy thereof, to enforce payment of the costs of the action.

Error from Labette district court; THOMAS J. FLANNELLY, judge.   Opinion filed May 9, 1903.   Reversed.

*T. N. Sedgwick*, and *A. A. Osgood*, for plaintiff in error.

*A. D. Neale*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: In an action pending in the district court of Labette county, wherein Charles P. St. Clair was plaintiff and the Missouri, Kansas & Texas Railway Company was defendant, a demurrer to the evidence offered by plaintiff was interposed by defendant, sustained, and the following judgment entered in the case.

"Thereupon this cause came on for further hearing upon the demurrer of the defendant filed to the evidence adduced by the plaintiff herein; said defendant appeared by T. N. Sedgwick, its attorney, in support of said demurrer, and said plaintiff appeared by F. F. Lamb and C. A. Cox in opposition

thereto ; and the court, having heard said demurrer, argument of respective counsel, and being now fully advised in the premises, doth sustain said demurrer of the defendant ; the plaintiff at the time duly excepted and excepts ; thereupon it is by the court ordered that the jury herein be discharged from a further consideration of this case ; that the defendant do have and recover of and from the plaintiff judgment for costs herein, taxed at $_____, to all of which judgment and ruling the plaintiff at the time duly excepted and excepts.''

Execution was issued on this judgment for costs, in amount $163.05, and levied on a stock of drugs, the property of plaintiff therein. At the time of the levy the Farmers' and Merchants' State Bank, defendant in error herein, held a chattel mortgage on this stock of drugs. This mortgage, however, was not of record.

The bank commenced this action·of replevin against the sheriff in possession by virtue of his levy of such execution to recover the stock of drugs, it being claimed by plaintiff that at the time of the levy of the execution it was in possession of the stock of drugs under its mortgage. On the trial the defendant attempted to justify the taking of the stock of drugs in execution under the above judgment for costs. The court refused to receive in evidence the record of this judgment in St. Clair against the railway company for the reason that the amount of costs adjudged against the plaintiff therein was not entered on the journal, and also refused to receive any evidence tending to show the amount of costs adjudged against the plaintiff therein. A verdict in favor of plaintiff and against defendant was returned by direction of the court, and judgment entered thereon. The defendant brings error.

As the court refused to permit defendant to show that he had no knowledge of the existence of plaintiff's mortgage, and no notice that plaintiff claimed possession of the stock of goods at the time he seized it in execution, it is fair to assume that the court regarded the question of defendant's notice of plaintiff's claimed rights to be wholly immaterial, upon the theory that the judgment in St. Clair against the railway company, and the execution based thereon, were absolute nullities and void.   It is also conceded by counsel for defendant in error that if the sheriff may justify under the execution based upon this judgment for costs this case must be reversed; hence, this is the only question in the case which we shall consider.

The attack made on the judgment in question is collateral.   If the judgment is void it may be thus ignored.   If merely voidable or irregular, the sheriff may justify thereunder, as a valid execution may issue on an irregular judgment.   The question here presented is not a new one in this court.   In the case of *Houston v. Clark*, 36 Kan. 412, 13 Pac. 739, real estate was sold on execution under a judgment for costs, in the following language :

"Now comes the plaintiff, C. T. Association, by J. M. Hagaman, the attorney, and moves the court here to dismiss this action, without prejudice to a future action, at cost of plaintiff; which is accordingly done."

In that case it was held :

"In an action where a journal entry shows that the plaintiff in the action 'moves the court here to dismiss this action without prejudice to a future action, at cost of plaintiff, which is accordingly done,' and afterward an execution is issued to recover the costs, and real estate of the plaintiff is levied upon and sold for that purpose, and the sale confirmed by the court

and a sheriff's deed executed, and the purchaser takes possession of the real estate, *held*, that such journal entry is a sufficient judgment when collaterally attacked to uphold the sheriff's deed and the other proceedings had under it."

That case we think controlling here. From the record made in the case of St. Clair against the railway company, it is clear the court determined that the plaintiff should be adjudged to pay all costs made in the case. Such was the judgment entered. The amount of costs taxable was not ascertained by the court but left to computation by the clerk. It was his duty under the statute to insert the result of his computation, when made, in the journal entry of judgment. This he failed to do, but this neglect of the clerk so to enter the costs taxed did not operate to nullify the judgment of the court. The amount of costs so adjudged against the plaintiff could be ascertained from the clerk or from an inspection of the records in his office by any one at any time. From such examination the judgment is made certain. In *Clay v. Hildebrand Bros. & Jones*, 34 Kan. 694, 9 Pac. 466, this court held:

"Wherever an entry of a judgment is so obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and the other proceedings ; and if, with the light thus thrown upon such entry, its obscurity is dispelled and its intended signification made apparent, the judgment will be upheld and carried into effect in the same manner as though its meaning and intent were made clear and manifest by its own terms."

We are of the opinion that the trial court should have permitted the defendant to show by the clerk of the court from the records in his office the amount of costs adjudged against the plaintiff, and should have

Insurance Co. v. Knutson.

permitted or required the clerk to insert such amount in the blank left for that purpose on the journal in entering the judgment rendered.   This amount, with accruing costs made in the enforcement of the judgment of the court, the plaintiff is liable to pay, and payment may be enforced by execution.

The case of *Fisher v. Franklin*, 38 Kan. 251, 16 Pac. 341, is cited as opposed to the conclusion reached. That was a statutory proceeding to amerce a sheriff for failure to return an execution.   Such proceeding is in its nature highly penal and the literal terms of the statute must be strictly followed before a judgment of amercement will go.   We do not think that case authority here.

It follows that the judgment must be reversed and a new trial awarded.

All the Justices concurring.